PREVOST (HEALY v.). See Case No. 6,297.

PREVOST (PETERS v.). See Case No. 11,032.

PREWETT (LABITUT v.). See Case No. 7,962.

PREWETT (WILSON v.). See Case No. 17,828.

## Case No. 11,408a.

In re PRICE.[1]

[3 Dill. 514, note.]

Circuit Court, W. D. Missouri.   Sept. 28, 1875.

BANKRUPT ACT—NUMBER AND AMOUNT OF CREDITORS REQUIRED TO JOIN—INDIVIDUAL AND PARTNERSHIP CREDITORS.

[Partnership debts are also individual debts of each member of the firm. In estimating the number of creditors and the amount of indebtedness represented in the creditors' petition against a bankrupt member of a firm, it is necessary to take into account the partnership creditors and the amounts due them.]

[Appeal from the district court of the United States for the Western district of Missouri.

[In the matter of Thomas D. Price, a bankrupt.]

MILLER, Circuit Justice. The only question necessary to decide in this case, is whether the required number of creditors holding the required amount of debts provable under the bankrupt act have joined in the creditors' petition. In proceedings in bankruptcy against a member of a firm the debts due from the partnership are debts of each member of the firm, and are to be considered in determining the question as to whether a sufficient number of creditors, holding a sufficient amount of debts provable under the bankrupt act, have joined in the creditors' petition for an adjudication of bankruptcy against any member of such firm. The partnership creditors stand in the same relation to a member of such firm as do his individual creditors, so far as the required number of creditors and amount of provable debts are concerned in such proceedings. It does not sufficiently appear from the record in this case, that one-fourth at least in number of the partnership and individual creditors of said Price, the aggregate of whose debts, provable under the bankrupt act, amounts to at least one-third of the debts so provable against him, have joined in the creditors' petition.

Therefore it is ordered that the judgment of the district court of the Western district of Missouri, adjudicating Thomas D. Price a bankrupt, is reversed, and the cause remanded to said district court for further hearing, with leave to the parties to amend their pleadings and procure the signature of the required proportion of creditors of the debtor, and that the petitioning creditor pay the costs of the proceedings under his bill of review. Reversed.

[In 3 Dill. 514, this case is published as a note to In re Israel, Case No. 7,111.]